356 So.2d 892 (1978)
Arthur J. SCHATZ, Appellant,
v.
Elinore K. SCHATZ, Appellee.
No. 76-2360.
District Court of Appeal of Florida, Third District.
March 21, 1978.
*893 Keith, Mack, Lewis & Allison, Miami, for appellant.
Eleanor Levingston Schockett, Miami, for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PEARSON, Judge.
Arthur J. Schatz, petitioner for dissolution of marriage to Elinore K. Schatz, brings this appeal challenging two provisions of the final judgment. The respondent wife cross-appeals and assigns as error the amount of attorney's fees allowed her attorney.
The husband's first point claims error in the following provisions of the final judgment.
"19. At such time as the Wife vacates the home, or her right of occupancy terminates by operation of this Order, the home shall be sold on the open market and the proceeds divided, with the Wife to receive credit to the extent of one-half of the payments made pursuant to Paragraph 20 below.
"20. The Wife shall pay all mortgage payments, taxes, insurance and maintenance on said home so long as she occupies the home."
The husband's position is that inasmuch as the amount of the rehabilitative alimony and child support was set by the trial judge after hearing testimony from the wife on the expenses necessary for keeping the home, accordingly, the amount of the monthly mortgage payment was included in the alimony and child support provisions. Having reached this conclusion, he then argues that the principles set forth in Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975), would require that as a co-tenant, the former wife should not "... receive credit to the extent of one-half of the payments made pursuant to Paragraph 20 ..."
We find this proposition to be untenable in view of the fact that upon the payment of alimony and child support, the money becomes the property of the former wife. See Section 61.11, Florida Statutes (1975). It is apparent from a reading of the final judgment dissolving the marriage that the trial judge gave detailed consideration to each of the provisions in the judgment. The specific provision for the wife to be responsible for the payments on the home is independent of the provisions for payment of rehabilitative alimony. In addition, it is clear that rehabilitative alimony is given for the specific purpose of allowing a spouse to attain financial independence during a specified time. See Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). As for the *894 wisdom of the court's provision, it is not the province of this court to substitute its judgment for that of the trial judge. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
The second point presented by the husband urges the impropriety of the following provision of the final judgment.
"11. As and for additional child support, the Husband shall:
* * * * * *
"B. Pay for the religious education of both children, including Sunday School and Hebrew School and expenses related thereto. The Husband shall pay the statements for these services within thirty (30) days after they are rendered, or reimburse the Wife within thirty (30) days after notice for such fees as she has had to advance."[1]
The husband urges that this provision is improper because it is in violation of the First Amendment of the United States Constitution. Article I, Section 3, of the Florida Constitution is based upon this amendment and the Florida Supreme Court has declared that the Florida Constitution requires complete separation of church and state except where public health and morals are involved. See Henderson v. Antonacci, 62 So.2d 5 (Fla. 1952).[2] The point cannot present reversible error because the husband failed to raise the question in the trial court. See Caldwell v. People's Bank of Sanford, 73 Fla. 1165, 75 So. 848 (1917); and Ballen v. Plaza del Prado Condominium Association, Inc., 319 So.2d 90 (Fla. 3d DCA 1975). It is clear from this record that both the mother and father were of the Jewish faith and, further, that no objection has been raised in this court for the provision of a particular faith in the final judgment. It is clear that if a provision is to be made for the moral education of the children, the parties intended, and led the judge to believe, that such provision should provide for training in a Jewish, religious school. Essentially, the only question presented is whether the court ever has the right to make a provision for religious education in a final judgment for dissolution of marriage. As pointed out in Justice v. Van Eepoel, 132 So.2d 407 (Fla. 1961), the trial court must "... take into consideration ... the age, health, sex and moral surroundings of the children, [and] the benefits of education and development ..."
We, therefore, conclude that no error has been shown in the provision for the husband to pay for the children's religious education, which both of the parties tacitly represented to the court to be a proper subject for the payment of money for the welfare of the children.
Turning to the cross-appeal of the wife concerning the amount of attorney's fees, we hold that no error is demonstrated on this record. See Chaachou v. Chaachou, 135 So.2d 206, 223 (Fla. 1961), and Oncay v. Oncay, 183 So.2d 878 (Fla. 3d DCA 1966).
Having considered the appeal and cross-appeal, and finding no error in the final judgment, the final judgment is affirmed.
NOTES
[1] In a subsequent "Order on Wife's Motion for Clarification," the court

"ORDERED AND ADJUDGED:
* * * * * *
"3. In Paragraph 11B of the Final Judgment entered on September 15, 1976, this Court provided, in pertinent part:
`B. Pay for the religious education of both children, including Sunday School and Hebrew School and expenses related thereto ...'
"4. It was and is the Court's intention that the foregoing language encompassed a synagogue or temple membership, such being necessarily related to the children's religious education."
[2] Henderson v. Antonacci arises under the provisions of Declaration of Rights, § 5, of the 1885 Constitution. However, the difference between this provision and Art. I, § 3, of the present Florida Constitution of 1968 is one of wording and not intent.