372 So.2d 539 (1979)
Donna Jean RUBINO, Appellant,
v.
Richard Gene RUBINO, Appellee.
No. MM-47.
District Court of Appeal of Florida, First District.
June 29, 1979.
Elise F. Judelle, of Bryant, Miller & Olive, Tallahassee, for appellant.
Jerome M. Novey, of Novey & Blanton, Tallahassee, for appellee.
PER CURIAM.
Mrs. Rubino contends that the trial court erred by failing to require her husband to pay one-half of the ownership expenses on the jointly owned home during the use and occupancy by the wife and children; by awarding rehabilitative alimony rather than permanent alimony, or in not reserving jurisdiction to consider a later award of alimony; and by denying the wife the husband's interest in the marital home as lump sum alimony. The wife's first point has merit; the other points are affirmed. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979).
The trial court's order is, in pertinent part, as follows:
"The parties shall own the marital residence at 2521 Harriman Circle, Tallahassee, *540 Florida, as tenants in common, however, the wife shall so long as she remains unmarried have the right to reside in and have possession and use of the house and lot until such time as all of the minor children of the parties has reached the age of eighteen (18) years, married or become self-supporting, died, or further order of this court, if she will pay the mortgage, reasonable maintenance, insurance and tax payments pertaining to the house for the time she resides there. After such time or if she chooses to move out earlier, the parties as tenants in common shall become equally responsible for the mortgage, reasonable maintenance, insurance and tax payments, and shall share equally in any proceeds from the home."
A wife who pays all of the mortgage, taxes, insurance, and expenses on jointly  owned property is entitled to credit against the husband's one-half of the proceeds upon the sale of the property. See Schatz v. Schatz, 356 So.2d 892 (Fla.3d DCA 1978). It is impermissible to require the wife to increase the equity of the husband by her own payments. Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977). The wife here is entitled to either credit or is entitled to have the husband pay one-half of the expenses. Accordingly, the case is remanded to the trial court for clarification of the above quoted portion of the judgment in accordance with this opinion. Appellant's motion for attorney's fees on appeal is denied.
ERVIN, Acting C.J., and MELVIN and BOOTH, JJ., concur.