390 So.2d 1223 (1980)
Sandra M. SMITH, Appellant,
v.
Lynn E. SMITH, Appellee.
No. TT-311.
District Court of Appeal of Florida, First District.
December 9, 1980.
Michael Jones, of Selby, Chesser, Wingard, Barr & Jones, Fort Walton Beach, for appellant.
Patricia S. Warren, Fort Walton Beach, for appellee.
LILES, WOODIE A., Associate Judge (Retired).
The Wife appeals from a final judgment of dissolution of marriage, contending that the trial court erred by failing to require the Husband to pay one-half of the ownership expenses on the home during its use and occupancy by the Wife and the minor children; by ordering that one-half of the monthly mortgage payments, taxes, and hazard insurance premiums on the marital home required to be paid by the Wife during her exclusive occupancy will be considered "fair rental" for the use of the Husband's one-half interest in the property; by awarding only $350.00 per month child support; and by failing to award the Wife's attorney a reasonable fee for his representation of her in the dissolution of marriage proceedings.
The trial court's order, in pertinent part, provides:
The Respondent [husband] shall pay to the Petitioner [wife] as and for rehabilitative alimony, a sum equal to one-half of the monthly house payment, including the escrow payment for taxes and insurance, for a period of one (1) year from the *1224 date of this decree or until she remarries or moves out of the house, whichever first occurs.
The Petitioner is awarded exclusive possession of the marital homeplace ... so long as she remains unmarried and maintains the home for the minor children of the parties. The title to the marital homeplace shall be in joint names as tenants in common, and the Petitioner will be required to maintain the mortgage payments, taxes and hazard insurance upon the home during her exclusive occupancy. One-half of the monthly payments will be considered "fair rental" for the use of the Respondent's one-half interest in the property.
By ordering that one-half of the monthly payments will be considered "fair rental" for the use of the Husband's one-half interest in the property, the trial court is impermissibly requiring the Wife to build her husband's equity in the property. Waskin v. Waskin, 346 So.2d 1060 (Fla. 3rd DCA 1977); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977). On the contrary, a wife who pays all the ownership expenses on jointly-owned property is entitled to a credit against the husband's one-half of the proceeds upon the sale of the property. Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979); See Schatz v. Schatz, 356 So.2d 892 (Fla. 3rd DCA 1978). Therefore, we direct that the judgment be amended to provide that the Wife is entitled to a credit against the Husband's one-half of the proceeds upon the sale of the jointly-owned property.
Considering the circumstances of this case, we find no error in the trial court's award of child support or in its award of attorney's fees to the Wife. Accordingly, the judgment as herein amended is AFFIRMED.
ROBERT P. SMITH, Jr. and THOMPSON, JJ., concur.