MILLS, Judge.
Freda Hoyt, former wife of Max Hoyt, appeals from an order of the trial court setting out Max’s obligation to pay ownership expenses on the former marital home. Freda contends the trial court erred in not requiring Max to reimburse her for one-half of the mortgage interest payments made by her during her exclusive use and possession of the home. We agree, modify the order, and affirm it as modified.
The parties were divorced in 1975. At that time, Freda was awarded exclusive use and possession of the former marital home during the minority of the children. She was required to pay all ownership expenses, including mortgage payments.
In 1983, the trial court granted Max’s request for partition. The order provided:
Upon the sale of the property, the outstanding mortgage indebtedness shall be first retired. Broker fees, closing charges and all similar obligations shall be next paid. The equity thus established shall then be distributed between Freda M. Hoyt and Max A. Hoyt after adjustments chargeable against Mr. Hoyt’s portion of those proceeds are credited to Mrs. Hoyt for any sums she expended on the property that were an obligation by law of Mr. Hoyt as a tenant in common.
Freda then filed with the trial court a motion for clarification asking the court to declare one-half of the principal and interest portions of the mortgage payments an obligation of Max as a tenant in common. In response, the trial court issued an order requiring Max to pay Freda from his share of the partition proceeds: (1) one-half of the principal paid by Freda during her exclusive possession; (2) one-half of all property taxes paid by Freda during her exclusive possession; (3) one-half of all hazard insurance premiums paid by Freda during her exclusive possession; and (4) one-half of all reasonable maintenance expenses incurred by Freda during her exclusive possession. The order did not require Max to reimburse Freda for any mortgage interest paid by her during her exclusive use and possession of the former marital home.
When a former spouse in exclusive possession of jointly-owned property pays all ownership expenses thereon, that spouse is entitled to a credit against the other former spouse’s share of the proceeds when the property is sold. Kohn v. Kohn, 423 So.2d 575 (Fla. 1st DCA 1982). In addition to property taxes, insurance premiums, maintenance expenses, and mortgage principal payments, such credit also includes mortgage interest payments. Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980); Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975); Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968).
We therefore modify the order appealed to include the requirement that Max pay Freda from his share of the partition proceeds one-half of the mortgage interest paid by Freda during her exclusive use and possession of the former marital home.
As modified, the order is AFFIRMED.
ERVIN, C.J., and ZEHMER, J., concur.