THOMPSON, Judge.
The wife appeals an order entered subsequent to the entry of the final judgment of dissolution. The order establishes the value of the marital home and directs her to pay the husband for his portion of the equity in the home. The wife argues that the court erred in failing to credit her for the amount of mortgage payments she made in the past on the husband’s behalf, and in eliminating the option of the sale of the home to a third party as prescribed by the final judgment of dissolution. We agree, and reverse the order.
The parties were divorced by Final Judgment of Dissolution of Marriage filed August 29, 1980. The wife was given the exclusive use and possession of the marital home for three years, during which time the husband and wife were to each pay one-half of the mortgage payments. At the end of the three year period the wife was to have the option of purchasing the husband’s equity in the house, or the parties could sell the house on the open market and divide the proceeds equally.
*991 During the first two years of the wife’s possession of the home, the husband made only one mortgage payment. By order dated August 16,1982 the husband was directed to pay the wife approximately 24 months’ worth of mortgage payment arrearages. This order was affirmed by this court without written opinion in Dugan v. Dugan, 434 So.2d 890 (Fla. 1st DCA 1983).
Shortly after the affirmance was issued the wife filed a motion for contempt citing the husband’s continuing failure to provide any portion of the mortgage payments for the previous 12 months. Her motion for contempt was denied by order dated March 1, 1985. An appraisal of the home was ordered, and a final hearing to determine the parties’ entitlement to attorney’s fees and the amount of the husband’s equity in the house was held October 23, 1985. At this hearing it was determined that the appraised value of the marital home was $53,500. The wife testified that she had continued to make the mortgage payments on the husband’s behalf and that he had not provided any funds toward the payments. Both parties testified as to the amounts of their respective incomes and ability to pay attorney’s fees. Following the hearing, the lower court entered an order determining the value of the house to be $53,500 and directing the wife to pay the husband the total amount of his equity in the home, without allowing her any credit for the mortgage payments she had made on his behalf. By so doing, the court erred in two respects.
The final judgment of dissolution clearly contemplated that the husband and wife would bear equally the mortgage costs and that upon the sale of the house they would have an equal share in the proceeds. The parties are tenants in common as a result of the dissolution of their marriage, and they bear equally the costs and profits associated with the house. This obligation arises independently of the final dissolution, and is unaffected by the determination of which spouse is awarded the exclusive use and possession of the marital home. Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986). Upon its sale, whichever party made all the mortgage payments is entitled to credit for the payments made on behalf of the other spouse. Hoyt v. Hoyt, 457 So.2d 599 (Fla. 1st D.CA 1984); Tucker v. Tucker, 392 So.2d 1008 (Fla. 1st DCA 1981); Smith v. Smith, 390 So.2d 1223 (Fla. 1st DCA 1980); Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979). This is true even if one spouse was made responsible for 100 percent of the mortgage payments by the terms of the final dissolution. Smith; Rubino. Allowing one spouse to bear the full burden of the mortgage payments without a recovery of the other spouse’s share upon sale im-permissibly compels one spouse to build the other’s equity. Erick v. Erick, 423 So.2d 602 (Fla. 3d DCA 1982); Smith; Rubino. In the instant case, the court’s error is even more egregious since the final dissolution directed husband and wife to equally bear the mortgage costs, and husband has consistently refused to do so. The charges which the wife should be entitled to recover from the husband’s share of the proceeds upon the sale (either to the wife or a third party) include the husband’s share of the payments on the mortgage principal and interest, taxes, insurance, and repairs. Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980) pet. for rev. denied 397 So.2d 778 (Fla.1981). By failing to credit the wife for the payments she made on behalf of the husband the lower court relieved the husband of his duties as a co-tenant and of the duties imposed by the final dissolution, imposed an additional burden on the wife and enriched the husband based on his deliberate failure to comply with the terms of the final dissolution to which he stipulated. This constitutes an abuse of discretion.
The order also improperly eliminates the option provided by the final dissolution of selling the house on the open market. Neither party sought such a modification of the final judgment of dissolution. On the contrary, both filed motions seeking to enforce its terms. There was no basis for the lower court’s modification eliminating the option of sale to a third party. Kordak v. Williams, 404 So.2d 1137 (Fla. 4th DCA 1981). We note, how *992 ever, that the final judgment of dissolution contemplated one or the other of the options being exercised within three years, and that now more than six years have elapsed. The wife’s decision to either remain in the home and purchase the husband’s equity or place the house for sale on the open market should be made within a reasonable time as determined by the lower court.
Upon remand the court shall make further findings as to the exact amounts expended by the wife on the husband’s behalf since the order of August 16, 1982 which directed the husband to reimburse her for $4,359.04 in mortgage payments. The wife should be credited for the total amount expended on the husband’s behalf, and the husband’s proceeds from his share of the equity should be reduced accordingly.
Finally, the wife asserts that the lower court erred in ordering the husband to pay only a portion of the sum she sought for attorney’s fees. We find no error in this portion of the order, and the attorney’s fee award is affirmed. In all other respects the order is reversed and the cause remanded to the lower court for further proceedings consistent herewith.
JOANOS and NIMMONS, JJ., concur.