PER CURIAM.
This cause is before us on appeal from a final order of dissolution of marriage in which the circuit court awarded the wife $900 monthly permanent periodic alimony and exclusive possession of the marital home for two years, and ordered the husband to make all house and car payments, and pay the wife’s attorney fees. The record reflects that the marriage lasted for 16 years.
The wife, 50, was once a computer data processor but stopped working during the marriage and is no longer employable in her field. She has arthritis and a heart condition. She is not self-supporting and needs a college degree in order to properly retrain for her occupation.
The husband, 49, is a GS-12 civil service computer specialist at Pensacola Naval Air Station, and earns approximately $38,000 *415 annually. He is in good health. There are no minor children.
The husband raises several issues on appeal. Primarily, he complains that the wife should have been awarded rehabilitative rather than permanent periodic alimony. Additionally, he suggests that the amount awarded was excessive. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the Supreme Court of Florida stated that several factors are relevant in determining whether alimony should be permanent rather than rehabilitative. These criteria include the parties’ earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties’ estates. Canakaris at 1201-02. Overall, these criteria relate to two primary considerations, the need of one spouse for support and the ability of the other spouse to provide that support. In the instant case, nothing in the record indicates that even with retraining the wife will be able to reattain the standard of living which she enjoyed during this 16-year marriage. Her health is questionable, and she possesses no significant assets other than her interest in the marital home. As the trial court possesses broad discretionary authority to do equity between the parties in dissolution proceedings, Canakaris, supra at 1202, and the above demonstrates a reasonable basis to support the determination, we find no reversible abuse of discretion in awarding permanent rather than rehabilitative alimony.
However, we are compelled to modify the trial court’s order regarding the amount of permanent alimony awarded. The wife’s financial affidavit showed monthly expenses of $1,060, including a $260 mortgage and a $194 car payment. The husband was ordered to make these payments in addition to the $900 monthly alimony award, bringing his total support obligation to $1,354. Consequently, it might appear that the husband is paying twice for the house and car. However, additional evidence adduced at hearing showed that the wife has substantial expenses not listed on the affidavit. These expenses included $135 monthly for health and car insurance and $180 monthly for tuition, books, and supplies. By subtracting the car and house payments from the expenses listed on the wife’s financial affidavit and adding the additional expenses listed above, we arrive at a figure of $899. This is almost precisely the amount awarded by the trial court as permanent alimony. As $180 of this funds the wife’s temporary education needs, it was error to make this portion of the award permanent rather than rehabilitative alimony. Consequently, we affirm an award of $720 monthly permanent periodic alimony, and direct that the remaining $180 be rehabilitative alimony payable as long as the wife is enrolled as a full-time student in an accredited college.
As it appears that the trial court’s award of exclusive possession of the marital home to the wife for two years was a form of rehabilitative alimony and that a reasonable basis exists in the record to support such an award, we affirm this portion of the trial court’s order. McDonald v. McDonald, 368 So.2d 1283 (Fla.1979). However, we modify the order insofar as it fails to give the husband credit for one-half the mortgage payments, taxes, and insurance on the home. As the order obligates the husband to make these payments, he is entitled to one-half credit. Gudinas v. Gudinas, 471 So.2d 210 (Fla. 1st DCA 1985); Jones v. Jones, 463 So.2d 564 (Fla. 1st DCA 1985).
We do not agree with appellant’s contention that the final order directs the parties to partition the home after two years. Consequently, we decline to modify this portion of the order.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings in accordance with this opinion.
ERVIN and THOMPSON, JJ., and CHARLES E. MINER, Associate Judge, concur.