565 So.2d 368 (1990)
Debra Ann BRELAND, Appellant,
v.
David Eric BRELAND, Appellee.
No. 89-1893.
District Court of Appeal of Florida, First District.
August 2, 1990.
Russell L. Healey of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for appellant.
No appearance for appellee.
ZEHMER, Judge.
Debra Breland appeals a final judgment of dissolution of marriage wherein the court awarded her exclusive use and possession of the jointly-owned marital home for as long as she remains single and at least one of the children of the marriage is a dependent minor residing with her, and provided that she be solely responsible for the mortgage payments, real estate taxes, insurance and upkeep. She complains about the provision that upon sale of the marital home, the net proceeds after any mortgage indebtedness remaining and all costs incident to the sale have been paid shall be divided equally between her and David Breland, her former husband. The court denied her credit for these expenses to the extent that they exceeded her obligation as a tenant in common, because it found such expenses to equal the reasonable rental value of her former husband's one-half interest in the property. Despite the apparent reasonableness of this approach, we are compelled to reverse because this disposition contravenes the applicable principle of law.[1]
The law is well established that where a court requires one party to a dissolution to pay all of the ownership expenses on jointly-owned property, such party is entitled to a credit against the other party's one half of the proceeds upon the sale of the property. Smith v. Smith, 390 So.2d 1223 (Fla. 1st DCA 1980); Rubino v. Rubino, 372 So.2d 539 *369 (Fla. 1st DCA 1979); Fischer v. Fischer, 503 So.2d 399 (Fla. 3d DCA 1987); Delehant v. Delehant, 442 So.2d 1009 (Fla. 4th DCA 1983). Even where the party paying the ownership expenses is awarded exclusive possession of the property and the court finds that one half of the monthly payments is fair rental value for use of the other party's one-half interest in the property, this principle of law still applies on the theory that one spouse may not be required to build the other spouse's equity in the property. Smith v. Smith, 390 So.2d at 1224; Singer v. Singer, 342 So.2d 861, 862 (Fla. 1st DCA 1977). We express no view on the wisdom or fairness of this principle.
Because our reversal necessarily affects the lower court's overall plan for equitable distribution of the marital property, child support, and alimony, we vacate all these provisions of the final judgment and remand for reconsideration.
REVERSED AND REMANDED.
SMITH, J., concurs.
BOOTH, J., specially concurs with opinion.
BOOTH, Judge, specially concurring.
I concur in the result of this opinion.
NOTES
[1] Our review of this provision is not based on the abuse of discretion standard, as we find no basis for reversal under this standard of appellate review.