624 So.2d 360 (1993)
Richard I. EADY, Appellant,
v.
Joyce P. EADY, Appellee.
No. 92-4380.
District Court of Appeal of Florida, First District.
September 17, 1993.
Michael J. Korn, Prom, Korn & Zehmer, P.A., Jacksonville, for appellant.
Jeanine B. Sasser, Sasser & Sopp, Jacksonville, Tallahassee, for appellee.
SMITH, Judge.
This is an appeal from a final judgment of dissolution ending the parties' 20 year marriage. We find no abuse of discretion in the awards of alimony and child support and affirm those awards without further comment. However, we reverse the remainder of the trial court's equitable distribution plan for failure to make sufficient findings to permit effective appellate review.
At the time of the final hearing, the wife had been employed as a clerical worker at Blue Cross/Blue Shield for approximately 20 years. The present value of her retirement pension was $3,956. The husband had been *361 employed with the United States Post Office for 24 years, approximately four of those years before the parties were married. He was about to complete 20 years service in the Army Reserves. The husband had a 1984 BMW, for which he had fully paid. The wife's 1987 Pontiac Grand Am had been repossessed, leaving a deficiency judgment. A few months prior to the final hearing, she acquired a $10,000 Toyota Camry which had no value above the amount owed on the purchase price.
The court ruled that the husband's retirement benefits from the United States Postal Service and from the Army Reserves are marital assets and should be distributed at the rate of 50 percent to each party by Qualified Domestic Relations Order (QDRO).[1] No mention is made of the wife's retirement benefits in the final judgment. The husband was awarded his BMW and the wife her 1991 Toyota Camry. The parties were required to split the deficiency due on the repossessed Pontiac.
The wife was awarded the exclusive use and possession of the parties' marital home until the husband's obligation of support to the parties' remaining minor child is extinguished. During the period she resides there, the wife was made responsible for the mortgage payments and, according to the final judgment, "shall receive credit for all mortgage payments, repairs, insurance and taxes."
On appeal, the husband contends that the equitable distribution scheme must be reversed because the trial court failed to make sufficient findings of fact. First, the husband notes, the final judgment fails to identify all the marital and non-marital assets. Next, concerning the husband's pensions, the judgment fails to spell out that the wife is entitled to only 50 percent of the value of the pensions attributable to the years of the parties' marriage.
The wife concedes that for purposes of equitable distribution her share of the pensions should be based only upon the period between the date of the marriage, July 23, 1970, and September 4, 1990, when the petition for dissolution of marriage was filed. She argues that any QDRO entered to effect the division would necessarily be required to show that her share is 50 percent of the pension benefits accruing during the marriage.
Despite the wife's concession, it is our view that for clarity and certainty, the final judgment must be amended to specify that the wife is entitled to 50 percent of the value of the husband's pensions attributable to the parties' marriage, and that it should set forth the inclusive dates of that marriage.
Next, the husband complains that the final judgment fails to mention the wife's pension, thereby entitling her to retain her entire pension, while the husband's pension is to be shared with the wife. The wife counters that the husband erroneously assumes that her pension was not considered, when in fact, the present value of this pension was only $3,900, which is equal to or less than the value of the husband's BMW, which he received free and clear.
Were this court sitting as a trial court, we could easily justify this quid pro quo  the husband's BMW for the present value of the wife's pension. Nevertheless, it is mere speculation on our part, without any guidance from the trial court's final judgment, to conclude that this is what the trial court intended.
Finally, the husband complains the trial court made no provision as to the final disposition of the marital home, and further erred when it awarded the wife credit for 100 percent of the mortgage payments, repairs, insurance and taxes. Both parties recognize *362 that under the general rule, as set forth in Dugan v. Dugan, 498 So.2d 989, 991 (Fla. 1st DCA 1986), they became tenants in common as a result of the dissolution of their marriage, and that they bear equally the cost and profits associated with the house. As stated in Dugan, this obligation arises independently of the final dissolution, and is unaffected by the determination of which spouse is awarded the exclusive use and possession of the marital home. Id. Included within this general rule is the tenet that upon sale of the house, a party who makes all the mortgage payments is entitled to credit for the payments made on behalf of the other spouse. Id.
While there is no real disagreement between the parties concerning the fact that they are co-tenants with respect to the marital home, the wife disagrees with the husband on the "credits" issue. At oral argument, her counsel argued that the trial court intended that she be entitled to credit for all the mortgage payments in order to give her extra equity in the home, and to provide a means of additional support.[2] She contends that this was justified because the husband was allowed to keep a bond acquired during the marriage. Again, due to the lack of findings explaining this disposition in the final judgment, we find it is a matter of pure conjecture as to exactly what the trial court intended.
Because of these deficiencies, we are compelled to reverse and remand to the trial court to make further findings concerning the distribution of assets.
REVERSED and REMANDED, for further proceedings consistent with this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] For a good discussion of the genesis and requirements of a QDRO see Rohrbeck v. Rohrbeck, 318 Md. 28, 566 A.2d 767 (1989). See this court's decision in DeLoach v. DeLoach, 590 So.2d 956, 962-3 (Fla. 1st DCA 1991) for a discussion of the trial court's option of reducing pension benefits to present value and ordering a lump sum distribution of the amount to the non-employee recipient spouse or awarding the non-employee spouse a fixed percentage of any payments which the employee spouse receives upon retirement. See also, Rogers v. Rogers, 622 So.2d 96 (Fla. 2d DCA 1993) in which the court cited DeLoach with approval and ruled the trial court should clearly state which of these options it chooses.
[2] See generally, Gabriel v. Gabriel, 18 Fla. L. Weekly D1566, ___ So.2d ___ (Fla. 4th DCA July 7, 1993).