PER CURIAM.
Joann Saba (wife) appeals from a final judgment of dissolution of marriage. The wife raises four issues on appeal: (1) Whether the trial court erred by failing to make the findings of fact to support determination of child support; (2) whether the trial court erred by failing to make findings of fact in denying alimony for the wife; (3) whether the trial court erred in the distribution of the marital assets and debts; and (4) whether the trial court erred in awarding a special equity interest in the marital home to the husband. We affirm as to issues two and four without further comment. We reverse as to the issues of child support and equitable distribution for the reasons stated herein.
We are unable to determine from the final judgment or record how the trial court determined the amount of child support, and therefore, we are unable to determine if the amount awarded deviates from the guidelines. We, therefore, reverse and remand for further consideration on the issue of child support. See Burton v. Burton, 697 So.2d 1295, 1296 (Fla. 1st DCA 1997).
We also must reverse as to the scheme of equitable distribution. While the assets have been distributed in a relatively equal manner, it does not appear that the marital debts were treated in the same fashion. As to the debts, the court found the marital debts to be $15,966.34. The court held, the husband responsible for the Barnett Master Card and the wife responsible for all other debts. The parties’ joint pretrial statement listed the Master Card debt as $5,107. The trial court gave no reason for requiring the wife to be responsible for approximately two-thirds of the marital debt. We will not speculate as to the reason for the uneven distribution, and therefore, we must reverse. See Eady v. Eady, 624 So.2d 360, 361 (Fla. 1st DCA 1993). We remand for the trial *1141 court to revisit the scheme of equitable distribution.
Affirmed in part, reversed in part.
MINER and WOLF, JJ., and SHIVERS, Senior Judge, concur.