PER CURIAM.
Barbara Blackburn ("Former Wife") appeals the order denying her motion for contempt/enforcement filed against Richard Wissner ("Former Husband"). Former Husband cross-appeals the trial court's order requiring him to bring to the closing for the former marital home one-half of the closing costs required to effectuate the sale. Former Husband also argues that the trial court's order requiring the sale of the former marital home was unconstitutional as it forced Former Husband to sell his homestead property. We affirm, without further discussion, all issues raised in Former Husband's cross-appeal.
The parties were divorced in 2011. Among the numerous items addressed in the final judgment was the sale of the parties' marital home. The final judgment provided for the parties to retain joint ownership of the marital home and for the home to be placed on the market for sale on a date upon which the parties mutually agreed, but no later than September 5, 2015. Prior to the sale and closing on the marital home, both parties made payments that resulted in the reduction of the debt owed on the home. Former Wife claimed approximately $84,000 in payments, and Former Husband claimed approximately $3,300 in payments.
Former Wife argues that the trial court erred in denying her motion for contempt/enforcement and in failing to award her credit for her reduction of the debt owed on the marital home from the date of the final judgment. The final judgment held Former Wife responsible for all expenses related to the home and set out that the net profit or losses divided at the sale would be equal. It further provided that Former Wife would receive credit for the reduction in debt from the time of the final judgment as additional share, if any.[1]
Florida appellate courts have consistently held that a former spouse making payments on a jointly-held property is entitled to a credit for the other former spouse's share of the payments. See Hoyt v. Hoyt , 457 So.2d 599, 600 (Fla. 1st DCA 1984) ; Tucker v. Tucker , 392 So.2d 1008, 1008-09 (Fla. 1st DCA 1981) ; Smith v. Smith , 390 So.2d 1223, 1224 (Fla. 1st DCA 1980). We therefore find that it was error for the trial court not to grant Former Wife any credit for her reduction of the debt on the marital home, and we hold that both parties should receive credit for their respective payments for the debt on the marital home subsequent to the entry of the final judgment. We therefore remand to the trial court for a determination of these amounts and for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
EVANDER and EISNAUGLE, JJ., and ROGERS, S.G., Associate Judge, concur.

Although not specifically stated in the final judgment, counsel for Former Wife acknowledged that Former Husband should also be entitled to credit for any reduction in debt on the marital home made by Former Husband subsequent to entry of the final judgment.