345 So.2d 400 (1977)
Norman RUTKIN, Appellant,
v.
Sondra RUTKIN, Appellee.
No. 76-2206.
District Court of Appeal of Florida, Third District.
May 3, 1977.
A. John Goshgarian, Miami Beach, and Howard Hochman, Miami, for appellant.
Sondra Rutkin Alexander, in pro. per.
Before HENDRY, C.J., and HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
This is an action for modification of a marriage dissolution decree in which the wife sought to have the marital home sold. *401 The trial court ordered the sale and distributed the proceeds. The husband appeals from the distribution.
The issue presented for review is whether a husband, who subsequent to a marriage dissolution has reduced the mortgage principal on a marital home jointly held with his ex-wife as tenants in common, is entitled to a credit for the mortgage principal reduction allocable to his ex-wife's interest therein to be charged upon sale of the home against the ex-wife's share of the proceeds from the said sale. We hold that the husband is entitled to such a credit as computed and reverse.
On July 22, 1971, a final judgment was entered dissolving the marriage of Norman and Sondra Rutkin and giving the husband custody of the parties' minor children. The husband was also given the marital home to reside therein with the children based on the stipulation that he pay the mortgage payments on the marital home. The final order of marriage dissolution provided that upon sale of the marital home "for the period that the husband pays the said mortgage payments, he shall be entitled to a credit for any portion of the principal of said mortgage indebtedness allocable to the wife's interest to be determined and allowed upon sale of the property."
On August 8, 1975, the wife filed a petition for modification of the marriage dissolution judgment seeking among other things that the marital home be sold. After referring the matter to a special master, the trial court affirmed the subsequent report of the special master and ordered that the husband sell the home under certain stipulated conditions not material here. The trial court further ordered that the husband should be given a credit for the total mortgage principal reduction allocable to the wife's interest from the date of dissolution to the date of closing.
The marital home was subsequently sold for $32,406.30. It is undisputed that the husband reduced the mortgage principal allocable to the wife's interest from the date of the marriage dissolution to the date of closing in the amount of $3,486.40 and is entitled to a credit in that amount.
The husband petitioned the trial court for clarification as to the exact method by which the proceeds from the sale of the home were to be distributed. The trial court entered an order computing the distribution by: (1) subtracting most of the husband's credit from the total proceeds of the sale, (2) dividing the remainder in half between the parties, and (3) subtracting the rest of the husband's credit from the wife's share of the sale proceeds.
The husband contends that this method of distribution was erroneous and that his entire credit should have been charged against the wife's share in the total proceeds of the sale. After a petition for rehearing was heard and denied, the trial court put that part of the distribution monies in dispute ($1,336.13) in escrow pending this interlocutory appeal by the husband from the court's order on distribution.
The law is well-settled that a spouse who reduces the mortgage principal on a marital home jointly held as tenants in common with his ex-spouse is entitled upon sale of the home to a credit for the mortgage principal reduction allocable to his ex-spouse's interest in the home. This credit must be charged against the ex-spouse's share in the proceeds from the sale of the marital home. Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968).
In the instant case, the husband and wife herein held the marital home as tenants by the entireties. Upon dissolution of their marriage, they held the home as tenants in common. Section 689.15, Florida Statutes (1975). The husband has subsequently made the mortgage payments on the marital home and is entitled to a credit of $3,486.40 for the mortgage principal reduction allocable to the wife's interest. This credit should have been charged against the wife's one half share in the proceeds from the sale of the home, not against the total proceeds of the sale since such total proceeds represent in part the *402 husband's own share of the monies earned from the sale.
Accordingly, the husband is entitled to a one half share of the proceeds from the sale of the marital home ($16,203.15), plus his credit for the mortgage principal reduction allocable to the wife's interest ($3,486.40), for a total due and owing the husband from the proceeds of the sale in the amount of $19,689.55. The wife is also entitled to a one half share in the proceeds from the sale of the marital home ($16,203.15) which must be reduced by the aforesaid credit for the husband ($3,486.40), for a total due and owing the wife from the proceeds of the sale in the amount of $12,716.75. These results will be achieved on remand if the monies presently held in escrow are distributed to the husband.
Reversed and remanded for proceedings consistent with this opinion.