NESBITT, Judge.
Appellant-wife brings this interlocutory appeal challenging a postjudgment order concerning attorneys’ fees on the grounds that: (1) the amount of fees awarded was inadequate; and (2) counsel fees were improperly assessed against her portion of an escrow fund rather than against her husband.
The marriage between the parties had been previously dissolved and all property rights settled by written stipulation. One clause thereof, which is in dispute in the present controversy, provides:
The Husband agrees to pay the Wife’s attorneys, Cypen & Nevins, a reasonable fee for services rendered in their representation of the Wife. Each party presently has an interest in the sum of $6,429.40 currently being held in escrow by the Wife’s attorneys. Said amount shall be paid to the Wife’s attorneys toward their fees and costs. The Wife’s attorneys believe that the Husband’s share is an insufficient amount to be paid by the Husband and they may apply to the Circuit Court for additional fees from the Husband. The Husband, in no way, agrees to be responsible for such additional fees unless so ordered by the Court.
The wife’s counsel applied the sum of $6,429.40 toward their fee and applied to the court for additional fees. At the hearing, the presentation of expert testimony was waived and wife’s counsel testified that a minimum of 125 to 150 hours had been spent in counseling and representing the wife over a three-year period and argued to the court that a $15,000 fee was reasonable. The husband’s counsel successfully argued before the trial court that the amount of attorneys’ fees had been settled by the above contractual provision. The trial court then entered an order determining the wife’s counsel fees to be $6,429.40.
*1200 In the wife’s first point on appeal, she contends the total amount of the fee awarded was inadequate. We hold that it was within the sound discretion of the trial court to determine the amount of attorneys’ fees, Krasner v. Krasner, 339 So.2d 674 (Fla. 3d DCA 1976), and, absent an abuse of that discretion, an appellate court will not substitute its judgment for that of the trial court in making such an award, Goldberg v. Goldberg, 327 So.2d 828 (Fla. 3d DCA 1976).
Secondly, the wife contends that the trial court erred in failing to assess the attorneys’ fees against the husband. Initially, the funds escrowed with the wife’s counsel were in the approximate sum of $15,000. This amount originated from the proceeds of the sale of jointly held assets. During the parties’ separation and negotiations that followed, the husband made withdrawals, with the wife’s consent, from his portion of the escrow fund. At the time the order appealed from was entered, the husband’s interest in the escrow account was in the sum of $1,476.70 and the wife’s remaining interest was $4,952.70. The wife contends that by the trial court’s order it has, in effect, required the husband to pay $1,476.70 rather than the entire amount of the fee. In the order appealed from, the trial court made no finding or ruling upon this issue and consequently it will not be addressed by this court. Chipola Nurseries, Inc. v. Div. of Admin. Dept. of Transp., 335 So.2d 617 (Fla. 1st DCA 1976); Security Mutual Casualty Company v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976).
Accordingly, the order determining the amount of attorneys’ fees is affirmed without prejudice for the wife to seek an order in the trial court charging the fees against the husband.
Affirmed.