389 So.2d 666 (1980)
Michele PRICE, Appellant,
v.
John W. PRICE, Appellee.
John W. Price, Appellant,
v.
Michele Price, Appellee.
Nos. 79-1158, 79-1322.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied November 14, 1980.
*667 Floyd, Pearson, Stewart, Richman, Greer & Weil and Bruce A. Christensen, and Ray H. Pearson, Miami, for John W. Price.
Sinclair, Louis, Siegel & Heath and John L. Zavertnik, Miami, for Michele Price.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Michele Price seeks to overturn portions of the final judgment of dissolution pertaining to alimony and expenses in connection with maintaining her home. In a consolidated appeal, her husband, John Price, challenges provisions requiring him to pay court costs and a portion of his former wife's attorneys' fees. The wife has cross-appealed. We affirm in part and reserve in part.
The Price marriage lasted seven years. No children were born from this marriage, but John has four children from his former marriage, and Michele has a child from her former marriage. The parties were financially able to enjoy a high standard of living. Michele, forty-four, had been a stewardess for over twenty years. Her annual salary had increased to approximately $23,000 at the time of the hearing. She continued to work for the airlines and enjoyed medical, pension, and other benefits. John, fifty-nine, had a net worth of over one million dollars and inherited bank stock worth $750,000, which was a majority interest in the bank. His stock returned an annual dividend of $25,000. His yearly income is $40,000.
The trial court awarded Michele no permanent alimony, finding she was well able to provide for her own living expenses but awarded her $24,000 lump sum alimony payable in twenty-four installments. In addition, the court ordered the marital home sold with the one-half interest in the home awarded to Michele. The parties were to bear equally the expense of the *668 mortgage payments and property taxes pending the sale. The court also ordered John to pay $7,500 of Michele's $10,000 attorneys' fees.
The wife cites as error the trial court's failure to award her permanent alimony. She contends she is unable to maintain the standard of living set by the marriage. She complains, in addition, of the court's failure to retain jurisdiction to determine her needs at the expiration of the installment payments. She claims the $24,000 is inadequate when her needs and contributions to the marriage are taken into consideration. The wife also asserts as error the trial court's failure to reimburse her for paying her husband's share of the expenses on the home prior to its sale, payments she made from her temporary alimony.
We find no abuse of discretion in the alimony award determined by the court. The supreme court clarified the role of the trial court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). When the action of the trial court is discretionary, appellate courts must consider whether the trial court action was arbitrary, fanciful, or unreasonable. "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Canakaris v. Canakaris, supra at 1203. The alimony award entered by the trial judge may not be disturbed unless his decision failed to meet the "reasonable" test.
In exercising its broad discretion concerning whether to award lump sum or permanent periodic alimony, the trial court was required to consider all circumstances in order to insure "equity and justice between the parties." § 61.08, Fla. Stat. (1977). Permanent periodic alimony awards must be predicated upon consideration of needs and abilities, taking into account the wife's earnings, abilities, age, health, and education, in light of the duration of the marriage and the standard of living of the parties. Canakaris v. Canakaris, supra at 1201-02. Under the circumstances of this case, reasonable men could differ as to the propriety of the action taken by the trial court. We, therefore, affirm the award.
We find no abuse of discretion in the court's failure to retain jurisdiction to enter periodic alimony at the expiration of the lump sum installments. Although retention of jurisdiction is permitted, Canakaris v. Canakaris, supra; Hyatt v. Hyatt, 315 So.2d 11 (Fla. 3d DCA 1975); Langston v. Langston, 257 So.2d 625 (Fla. 3d DCA 1972), it is not required. Elkins v. Elkins, 287 So.2d 119 (Fla. 3d DCA 1973); Poe v. Poe, 263 So.2d 644 (Fla. 3d DCA 1972). Cf. Greene v. Greene, 256 So.2d 258 (Fla. 3d DCA 1972) (where alimony provisions would probably terminate at a time when the wife had no other income).
We do find error, however, in the trial court's failure to credit the wife for the interest on mortgage payments she made under the terms of the final judgment. The judgment states:
Prior to the closing of the sale of the former marital home, the Petitioner/Wife shall be entitled to occupy the same should she so choose. If she occupies the same, she shall pay and keep current the mortgage and be responsible for her own expenses for utilities and the like. From the net proceeds at the closing on the sale of the home the Petitioner/Wife shall be reimbursed for an amount equal to one-half of the principal payments she has made on the mortgage from the June 15, 1979 [date] to the date of sale, which sum represents the payment of principal for the undivided one-half interest of the Respondent in the house.
.....
At the closing of the sale of the marital home, each party shall receive one-half of the net proceeds therefrom as may be adjusted as provided for herein.
"The law is well-settled that a spouse who reduces the mortgage principal on a marital home jointly held as tenants in common with his ex-spouse is entitled upon sale of the home to a credit for the mortgage principal reduction allocable to his ex-spouse's *669 interest in the home." Rutkin v. Rutkin, 345 So.2d 400, 401 (Fla. 3d DCA 1977). The credit is chargeable against the ex-spouse's share in the proceeds of the sale. Rutkin v. Rutkin, supra; Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968). Credit at the time of sale of the home should be given for such items as mortgage interest, taxes, insurance, and repairs paid in excess of the wife's half interest. Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975); Lyons v. Lyons, supra. Accordingly, we remand for further proceedings to determine the amounts paid for interest to be credited to the wife.
We do not consider the merits of the wife's claim for reimbursement of payments in connection with the house made from her temporary alimony award prior to final judgment. Her arguement that she was required to pay the husband's half of the charges against the property, and is therefore entitled to a credit at time of sale toward those expenses incurred prior to the final judgment, was not presented to the trial court and is therefore waived. Reinhard v. Bliss, 85 So.2d 131 (Fla. 1956); Ballen v. Plaza Del Prado Condominium Association, Inc., 319 So.2d 90 (Fla. 3d DCA 1975).
We next consider the husband's consolidated appeal. He contends he should not have been required to pay $7,500 toward the wife's attorneys' fees of $10,000 and costs as she had the means to provide them. We hold this award to be within the discretion of the trial judge and find no abuse. Canakaris v. Canakaris, supra; Taplin v. Taplin, 386 So.2d 1199 (Fla. 3d DCA 1980); Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977); Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). The wife's contention on her cross-appeal that the husband should have been required to pay the entire amount is without merit. Cf. Pusey v. Pusey, 386 So.2d 269 (Fla. 3d DCA 1980) (given the financial position of the respective parties, the trial court erred in awarding the wife attorneys' fees).
For the foregoing reasons, the decision of the trial court is affirmed in part and reversed in part; the cause is remanded for further proceedings.