NESBITT, Judge.
The wife challenges two aspects of a final judgment of dissolution of marriage. First, she contends that it was error to award permanent custody of the parties’ minor children to the father without first affording her counsel an opportunity to review a supplemental oral report of the clinical psychologist appointed to make findings on the custody issue. Secondly, she contends the *1150 trial court erred in requiring her to quitclaim her undivided one-half interest in the marital home to the husband based upon a finding of the husband’s special equity. Because we agree with both contentions, we reverse and remand for further proceedings.
The wife’s pretrial catalog put forth that the husband was an unfit parent by reason of sexual molestation of the couple’s nine-year-old daughter. The trial court appointed a clinical psychologist who entered full reports of the psychological condition of all four members of the Finn family. These reports were made available to both parties in advance of trial. At trial, the clinical psychologist testified there were no demonstrable symptoms on the husband’s behalf that would warrant a determination that he suffered from a propensity to commit sexual offenses. To refute this testimony, the wife requested permission to call the child to the witness stand. At this juncture, the trial court properly exercised its discretion in refusing to permit the minor child to be called, “to take sides” against the father. Spencer v. Spencer, 242 So.2d 786 (Fla. 4th DCA), cert. denied, 248 So.2d 169 (Fla.1971). As an alternative, the court gave the wife’s counsel an opportunity to submit a list of questions to be propounded to the child. It was proposed that the questions first be evaluated by the clinical psychologist. After the questions were reviewed by the psychologist, the court, apparently based upon an oral ex parte communique with the psychologist, determined that there was no basis for calling the child and entered the final judgment appealed from without further evidentiary hearing or argument.
It is a logical extension of Kern v. Kern, 333 So.2d 17 (Fla.1976) [where the constitutionality of Section 61.20, Florida Statutes (1971) was upheld] to hold that oral communiques supplemental to the written reports discussed in that case should also be made available to either party so as to afford them an opportunity to rebut or refute any conclusions therein. Cf. In Re Brown, 246 So.2d 166 (Fla. 3d DCA 1971) [holding that it was error for the trial court to consider anything not in evidence, and not otherwise made available to the parties, in connection with the award of child custody]. The trial court’s closed ex parte consultation with the child psychologist, although motivated by a laudable desire to protect the young child, abridged the wife’s right to procedural due process. Kern v. Kern, supra.
For this reason, the order awarding permanent custody of the minor daughter to the husband is reversed with directions that the husband continue to have temporary custody until the substantial content of the supplemental oral ex parte communique between the trial court and the clinical psychologist is made available to both parties. At that time, if warranted, a further evi-dentiary hearing on the redetermination of child custody shall be held. However, should the wife not desire to challenge or fail to proffer any good and sufficient reasons to refute the content of the subject oral communique, the trial court will be authorized to affirm its award of permanent custody of the child to the father without an additional evidentiary hearing.
As to the husband’s claim of a special equity, the record is devoid of any competent and substantial evidence, Snider v. Snider, 371 So.2d 1056 (Fla. 3d DCA 1979), to demonstrate that the marital home was wholly or partially acquired with funds generated by the husband outside normal contributions to the marriage. Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Ball v. Ball, 335 So.2d 5 (Fla.1976); Bullard v. Bullard, 380 So.2d 1090 (Fla. 3d DCA 1980). Consequently, the trial court should have left the parties as tenants in common of the marital property. Nonetheless, based upon the eventual outcome of the permanent custody award, the trial court will be entitled within its discretion to transfer the noncustodial parent’s interest in the house to the other parent as an incident of child support until both minor children are emancipated.
Reversed and remanded with directions.