BASKIN, Judge.
We affirm the Final Judgment for Dissolution of Marriage in which the trial court found that Mrs. Monnar had no need for alimony and was not entitled to participate in settlement proceeds received as a consequence of Mr. Monnar’s personal injury action. In addition, we find no error in the trial court’s decision that the parties owned the condominium apartment equally as tenants in common, and permitting Mrs. Mon-nar to have exclusive possession. We reverse the provisions of the final judgment which require Mrs. Monnar to pay all expenses necessary to maintain the apartment. As co-tenant in common, Mr. Mon-nar is responsible for half the mortgage payments and interest costs. Connelly v. Connelly, 409 So.2d 175 (Fla. 2d DCA 1982); Waskin v. Waskin, 346 So.2d 1060 (Fla. 3d DCA 1977); Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975). He must therefore pay a portion of past and future payments equal to his percentage of ownership, or, in the alternative, Mrs. Monnar should be credited at time of sale for sums she paid in excess of her share of the obligation. Dominik v. Dominik, 390 So.2d 81 (Fla. 3d DCA 1980); Smith v. Smith, 390 So.2d 1223 (Fla. 1st DCA 1980); accord Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981).
We reverse the portion of the final judgment denying Mrs. Monnar attorney’s fees. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Adler v. Adler, 418 So.2d 1007 (Fla. 3d DCA 1982); Wilds v. Wilds, 399 So.2d 1038 (Fla. 3d DCA 1981); § 61.16, Fla.Stat. (1979).
Affirmed in part, reversed in part, and remanded.