423 So.2d 575 (1982)
Marilyn Joyce KOHN, Appellant,
v.
Emmett Lee KOHN, Appellee.
No. AL-447.
District Court of Appeal of Florida, First District.
December 17, 1982.
Wayne E. Flowers, Jacksonville, for appellant.
Alexander G. Smith of Smith & Smith, Jacksonville, for appellee.
PER CURIAM.
In this dissolution of marriage action, the wife contends that the trial court erred in not awarding her the exclusive use and possession of the marital home until the parties' minor child reaches majority. In light of the extensive joint debts of the parties, we find that the trial court did not abuse its discretion in concluding that, because the parties could not afford to keep the marital home, it should be sold. We therefore affirm that point. We find merit however with the wife's contention that she should receive a credit for the husband's share of the ownership expenses of the marital home which she was ordered to pay until the home is sold. The law is clear that
[a] wife who pays all of the mortgage, taxes, insurance, and expenses of jointly-owned property is entitled to credit against the husband's one-half of the proceeds upon the sale of the property... . It is impermissible to require the wife to increase the equity of the husband by her own payments... . The wife here is entitled to either credit or is entitled to have the husband pay one-half of the expenses.
Rubino v. Rubino, 372 So.2d 539, 540 (Fla. 1st DCA 1979). Such credit is not limited only to payments of principal as the husband suggests but applies to "all the ownership expenses on jointly-owned property." Smith v. Smith, 390 So.2d 1223, 1224 (Fla. 1st DCA 1980).
We therefore reverse that portion of the final judgment, providing that the wife is to receive no credit, and direct that the judgment be amended to provide that upon the sale of the marital home the wife shall be entitled to a credit against the husband's one-half of the sale proceeds because of her payment of the ownership expenses on the marital home.
AFFIRMED in part, REVERSED in part.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.