464 So.2d 1266 (1985)
Dianna Lee FINN, Appellant,
v.
John Aubrey FINN, Appellee.
No. 84-698.
District Court of Appeal of Florida, Third District.
February 26, 1985.
Rehearing Denied April 1, 1985.
*1267 Lisa Bennett, Miami, for appellant.
English, McCaughan & O'Bryan and Robert J. Schaffer, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This appeal and cross-appeal challenge portions of a judgment concerning the jointly owned marital home rendered after the cause was remanded in Finn v. Finn, 414 So.2d 1149 (Fla. 3d DCA 1982).
Although the father was again awarded custody of the minor children, he has remarried and, contrary to the order below, is not thereafter entitled to exclusive possession of the home. Schein v. Schein, 448 So.2d 16 (Fla. 3d DCA 1984); Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981). The property in question is therefore subject to partition upon remand.
The parties have agreed in open court before us that the ex-husband, who has paid the mortgage, repairs and other expenses since the dissolution, should be given credit upon the partition sale for all, including the wife's half, of those amounts. See Iodice v. Scoville, 460 So.2d 576 (Fla. 4th DCA 1984). Subsequent to the date of Mr. Finn's remarriage, however, the ex-wife is entitled to a credit of one-half of the reasonable rental value of the home. Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975).
The order under review is vacated and the cause remanded for further proceedings in accordance herewith.