SCHWARTZ, Chief Judge.
We affirm the financial aspects of the final judgment of dissolution under review on the familiar ground that each of the rulings in question represents an appropriate exercise of the trial court’s discretion. Walter v. Walter, 464 So.2d 538, (Fla.1985); Marcoux v. Marcoux, 464 So.2d 542, (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The only issue which requires individualized treatment is Ms. Bailes’s claim, citing Schein v. Schein, 448 So.2d 16 (Fla. 3d DCA 1984), that she was incorrectly denied compensation for the rental value of her share of the jointly-held marital home during the period that the husband was granted exclusive possession incident to his custody of the children. On this record, we find no error in this ruling because the unchallenged requirement that the husband make all of the mortgage payments, half of which will serve to increase the ex-wife’s equity, without any provision for his being given credit for her half when the home is sold, represents an expenditure for her benefit at least substantially equivalent to the rental value of her interest. See Finn v. Finn, 464 So.2d 1266, (Fla. 3d DCA 1985). Moreover, any uncompensated use of the home by the children and their custodian-father may properly have been regarded by the lower court as a discharge of her duty to contribute to their support. Wood v. Friedman, 388 So.2d 1355 (Fla. 5th DCA 1980); see sec. 61.13, Fla.Stat. (1981); Siegel v. Zimmerman, 319 So.2d 187 (Fla. 3d DCA 1975).
Affirmed.