487 So.2d 90 (1986)
Nancy WERTHEIMER, Appellant,
v.
Theodore WERTHEIMER, Appellee.
No. 85-2008.
District Court of Appeal of Florida, Third District.
April 22, 1986.
*91 Loren G. Coy, Winter Spring, for appellant.
Shapiro, Leder, Breitner & Taplin and Paul Breitner, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The ex-wife appeals from a judgment partitioning the parties' jointly held former home.

I
The parties' 1968 judgment of divorce granted Mrs. Wertheimer the right to reside in the home but ordered her to make all the mortgage payments  which she did. The trial court correctly ruled that, under the law, the ex-wife was entitled to a credit, against her husband's share of the proceeds of the partition sale, of the one-half of all the payments  including, of course, principal, interest, insurance and taxes  which was attributable to his interest in the property. See Potter v. Garrett, 52 So.2d 115 (Fla. 1951); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981). In fact, however, the court credited her only with his share of the principal reduction; it disallowed credits for interest, insurance and taxes because of the absence of evidence reflecting the exact sums paid for those items. This occurred, in turn, because of the court's refusal, on highly technical grounds relating to the timeliness and form in which it was submitted, to consider proffered documentary evidence  consisting of cancelled checks, receipts and the like  which indisputably showed those amounts. We find that, under the circumstances of this case, the exclusion of this evidence constituted an unjustified abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975). Accordingly, the judgment under review is partially reversed and the cause is remanded with directions to provide for an additional credit to the appellant of one-half of the payments for interest, insurance and taxes.

II
The appellant has demonstrated no harmful error in the lower court's crediting the husband with one-half of the rental value of three rooms in the home for the period after the youngest child reached majority and the right of the wife to exclusive occupancy therefore terminated under the judgment of divorce. See Bailes v. Bailes, 468 So.2d 396 (Fla. 3d DCA 1985); Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975).
Affirmed in part, reversed in part.