490 So.2d 205 (1986)
Bonnie Marie TINSLEY, n/k/a Bonnie Marie Burke, Appellant,
v.
Calvin W. TINSLEY, III, Appellee.
No. 85-2223.
District Court of Appeal of Florida, Third District.
June 24, 1986.
*206 Hershoff & Levy and Jay M. Levy, Miami, for appellant.
Ira L. Dubitsky, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The wife in this marriage dissolution proceeding, Bonnie Tinsley, appeals from a post-judgment order entered in favor of the husband, Calvin Tinsley, on his motion for clarification.
Initially, the final judgment provided that the parties would each pay half of the mortgage payments, insurance, and taxes on the home. Bonnie would have exclusive use and occupancy of the home until her remarriage, at which time the house would be sold and the proceeds distributed equally between the parties. Bonnie moved for a rehearing, seeking, among other things, an award of lump sum alimony and an increase in maintenance and support. In response, the trial court modified the final judgment by requiring that Calvin pay all of the mortgage payments, insurance, and taxes on the home. The modified final judgment contained no provision for Calvin to receive a credit from Bonnie's share of the proceeds from the sale of the home. Bonnie remarried in 1984, and the house was sold in 1985. Calvin moved for a clarification of the modified final judgment. He sought a post-judgment decree by the trial court that he was entitled to a credit from Bonnie's share of the proceeds to reimburse him for her share of the mortgage payments, insurance, and taxes on the home. The court granted his motion and Calvin was given credit for $12,141.46.
On appeal, Bonnie concedes that had Calvin appealed the modified final *207 judgment he would have been entitled to receive credit for her share. She contends, however, that the trial court's order is not a clarification of the judgment but rather is an impermissible modification of the rights of the parties. We disagree. The trial court's order merely clarified what is well-settled law. Calvin made the mortgage payments and, as a matter of law, is entitled to credit.
When spouses own property as tenants by the entirety, upon divorce they become tenants in common. § 689.15, Fla. Stat. (1985). As such, the tenants have joint responsibilities, Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981), and "have a mutual obligation to pay the charges upon the property," Singer v. Singer, 342 So.2d 861, 862 (Fla. 1st DCA 1977); Mintz v. Ellison, 233 So.2d 156, 157 (Fla. 3d DCA 1970); see Maroun v. Maroun, 277 So.2d 572 (Fla. 3d DCA 1973). This statutory property obligation is distinct from any obligation which may result from the trial court's final judgment granting dissolution of the marriage. See Spikes v. Spikes, 396 So.2d 1192 (Fla. 3d DCA 1981). It is impermissible, therefore, to require one spouse, by his payments on the house, to increase the equity of the other spouse. Kohn v. Kohn, 423 So.2d 575 (Fla. 1st DCA 1982); Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979); Singer.
Thus, a person who makes mortgage payments on a home jointly held with the ex-spouse as tenants in common is entitled to a credit for the ex-spouse's share of the ownership expenses. Wertheimer v. Wertheimer, 487 So.2d 90 (Fla. 3d DCA 1986); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981); Rutkin v. Rutkin, 345 So.2d 400 (Fla. 3d DCA 1977). The fact that possession of the marital home is awarded to one spouse as a part of alimony or maintenance has no effect upon the ownership by the parties who hold the property as tenants in common, see Thomas v. Greene, 226 So.2d 143 (Fla. 1st DCA), cert. denied, 234 So.2d 117 (Fla. 1969), and the right to reimbursement is only postponed until the property is sold, Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976).
Accordingly, when a final judgment requires only one spouse to make the mortgage payments until such time as the house is sold and is silent as to whether the spouse who pays the mortgage is to receive credit, the right to a credit arises by operation of law. Cf. Tate v. Tate, 432 So.2d 601 (Fla. 4th DCA 1983) (no dispute that spouse entitled to credit; however, court remanded to have right to credit made explicit in judgment). Though it was not necessary for the trial court to do so, it did not err in clarifying what was implicit in the final judgment  that Calvin was entitled to a credit from Bonnie's share of the proceeds. This is not to say that a trial judge cannot order one party to make the total mortgage payments without receiving credit in return. However, to do so, there must be a basis in the record for relieving the spouse of his obligation, see Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975), and it must be explicitly stated in the final judgment.
Affirmed.