ON MOTIONS FOR REHEARING
PER CURIAM.
Our July 15, 1986 opinion incorrectly concluded that the appellant-husband had been “improperly credited with only half of the mortgage payments, insurance and taxes he indisputably expended.” In fact, as Ms. Finn’s motion for rehearing points out, the *1055 computation employed below — first dividing the sale proceeds equally (thus implicitly giving credit to each party for fifty per cent of the expenses) and then giving Finn an additional credit for the wife’s half by adding that amount to his share and subtracting it from the wife’s — results in his being compensated for all the expenses as required by Finn v. Finn, 464 So.2d 1266 (Fla.3d DCA 1985). It is in accord also with Tinsley v. Tinsley, 490 So.2d 205 (Fla.3d DCA 1986), in which we upheld an identical order giving the husband a credit from the wife’s share of the proceeds so as to reimburse him for her half of the expenses which he had previously paid. Accordingly, that portion of the previous opinion which partially reversed the order under review in case no. 86-35 is withdrawn and that order is entirely affirmed.
The husband’s motion for rehearing of the affirmance in case no. 86-437 is denied.