503 So.2d 399 (1987)
Anne Marie FISCHER, Appellant,
v.
Gary FISCHER, Appellee.
No. 85-967.
District Court of Appeal of Florida, Third District.
February 24, 1987.
Rehearing Denied March 26, 1987.
*400 Frumkes & Greene, Daniels & Hicks and Patrice A. Talisman, Miami, for appellant.
Louise H. McMurray, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.
PER CURIAM.
By this appeal, the wife in a dissolution of marriage proceeding challenges various portions of the trial court's final judgment. Having carefully reviewed the record, briefs and arguments of counsel for both parties, we find merit in the wife's contention that the trial court erred in requiring her to bear the total expense of maintaining the marital home while in exclusive possession, without allowing her a credit or set-off upon partition. The portion of the order appealed which relates to the marital home provides:
The parties jointly own the marital residence, which includes a rental guesthouse property... . The Court finds no special equity or equitable interest in either party that would overcome the rights of the other in the property, therefore, the parties shall hereafter own the property as tenants in common.
The Respondent/Wife shall have use and occupancy of said residence, until the youngest child reaches the age of majority, 18 years. During the time of use and occupancy, the Respondent/Wife shall have the right to receive and control the Petitioner/Husband's share of all the rental income from the guesthouse which is located on the marital residence property, thus, the Wife shall be responsible for payment of the mortgage, insurance, and real estate taxes and all costs of maintenance for the marital residence. At the conclusion of the period of use and occupancy, the house shall be sold and the proceeds, after payment of ordinary costs of sale, shall be divided equally without offset or credit to the Respondent/Wife.
It is well-established in Florida that a person who makes all the mortgage, tax, and insurance payments on a home jointly held with the ex-spouse as tenants in common is entitled to a credit for the exspouse's share of the ownership expenses upon sale of the property. Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986); Wertheimer v. Wertheimer, 487 So.2d 90 (Fla. 3d DCA 1986); Delehant v. Delehant, 442 So.2d 1009 (Fla. 4th DCA 1983); Monnar v. Monnar, 422 So.2d 362 (Fla. 3d DCA 1982); Kohn v. Kohn, 423 So.2d 575 (Fla. 1st DCA 1982); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980); Dominik v. Dominik, 390 So.2d 81 (Fla. 3d DCA 1980); Rutkin v. Rutkin, 345 So.2d 400 (Fla. 3d DCA 1977); Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968).
A trial judge may, however, require one party to pay the total ownership expenses without receiving credit if there is a basis in the record to support the order. Tinsley, 490 So.2d at 207; Hendricks v. Hendricks, 312 So.2d 792, 795 (Fla. 3d DCA 1975). In the instant case, the husband contends such a basis exists because the trial court awarded the wife all of the rental income from the guesthouse. We disagree. First, two tenants in common each have the burden of discharging one half of the obligations of jointly owned property, see Lyons, 208 So.2d at 139, and the evidence sub judice fails to show that the husband's half of the rental value of the guesthouse is equal to half of the mortgage, *401 insurance and real estate tax payments due on the home. Moreover, a cotenant is accountable to the other cotenant only for actual rent received from third parties. Saleeby v. Potter, 295 So.2d 130, 132 (Fla. 4th DCA 1974); Taylor v. Taylor, 119 So.2d 811, 813 (Fla. 2d DCA 1960). Second, to the extent that the husband relies upon Bailes v. Bailes, 468 So.2d 396 (Fla. 3d DCA 1985), for the proposition that the making of mortgage payments may be required as a substitute for the payment of rent to the excluded spouse, his reliance is misplaced because we did not reach that issue in Bailes, a factually distinguishable case from the one at bar.[1]
On this record, therefore, the solution fashioned by the trial judge yields an impermissible result in that it requires the wife to increase the husband's equity in the jointly owned home without reimbursement. See Tinsley, 490 So.2d at 207; Kohn, 423 So.2d at 575; Rubino v. Rubino, 372 So.2d 539, 540 (Fla. 1st DCA 1979). Accordingly, we reverse in part the final judgment and direct that it be amended to provide that, upon the sale of the marital home, the wife shall be entitled to receive credit from the proceeds for any sums which she paid in excess of her own obligation as a tenant in common.
We have considered all additional points raised in the wife's appeal and conclude that no reversible error has been demonstrated.[2]
Affirmed in part, reversed in part, and remanded.
NOTES
[1] In Bailes, we held simply that a wife was correctly denied compensation for the rental value of her share of the jointly held marital home during the period that the husband was granted exclusive possession incident to his custody of the children. There, the requirement that the husband make all the mortgage payments without receiving credit for the wife's half upon partition was not challenged. Therefore, we reasoned that the requirement represented an expenditure for the wife's benefit substantially equivalent to the rental value of the wife's interest. Bailes, 468 So.2d at 397. Significantly, we further noted that any uncompensated use of the home by the children and their father may properly have been regarded by the lower court as a discharge of the wife's duty to contribute to their support. Id. at 397.
[2] Among the grounds for reversal set forth in the instant appeal, the wife contends that the trial judge, the honorable Francis X. Knuck, was prejudiced against her and should have recused himself, pursuant to her motion for disqualification, prior to entering the final judgment. Seeking to preclude Judge Knuck from entering the final judgment, the wife petitioned this court for a writ of prohibition, which we denied in Fischer v. Knuck, 474 So.2d 225 (Fla. 3d DCA 1985). Recently, the Supreme Court of Florida approved our decision, finding that the wife's motion for disqualification was legally insufficient, frivolous and untimely. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). Because the proceeding in prohibition has been determined on the merits and is final, the question is no longer subject to review. See Pub. Employees Relations Comm'n v. District School Bd., 374 So.2d 1005, 1010-1011 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980).