GOSHORN, Judge.
Appellant, Dean P. Johnson, appeals the order of the lower court dividing certain monies received from the sale of the parties former marital home. Appellant contends that the lower court’s division of the funds failed to conform to the formula contained in the earlier 1984 final judgment which dissolved the parties’ marriage. That final judgment, entered pursuant to a stipulated settlement agreement, stated in pertinent part:
As long as the petitioner/wife remains in the residence, she shall be solely responsible for paying the mortgage payments, taxes, insurance and minor repairs. The parties shall share equally the cost of major repairs or improvements to the property. At the time of the sale of the residence, the wife shall be entitled to a special equity credit in the amount of $2,500 for a contribution she made towards the purchase of same from her funds unconnected with the marriage and a credit in the amount of $200 per month for each month she is solely responsible for making the payments. The petitioner/wife started making payments from her own funds on July 1,1984. The petitioner/wife will have the option at any time to purchase the respondent’s/husband’s equity by selecting a mutually agreed upon appraiser and paying the husband an amount equal to the appraised value less the outstanding mortgage balance, the wife’s special equity, and her credit for making the monthly payments, and charging the husband ½ the normal closing costs and then splitting that amount in half (R. 31).
No appeal was ever taken from this final judgment.
In 1986, after the former marital home was sold, appellant moved the trial court to divide the sale proceeds in accordance with the final judgment of divorce. After hearing argument of counsel, the court first divided the net proceeds equally and then awarded appellee her $2500 special equity and the $200 per month credit for mortgage payments from the appellant’s share. We find that this division did not conform to the dictates of the final judgment and reverse.
The sole question in this appeal is the interpretation of the final judgment. The validity of its terms are not in question since no appeal was ever taken.[1] As appellant points out, the final judgment expressly provides that in the event the former *245 wife exercises her option to purchase the former marital home, the $2500 special equity and the credit of $200 per mortgage payment shall be deducted and awarded to her before dividing the proceeds. Appellee argues that as she did not purchase the property this provision in the final judgment is inapplicable. Therefore, since the final judgment was silent as to a third party sale, the law generally applicable to partition and special equity is applicable. This requires that mortgage payment credits and special equity be carved out of the appellant’s share. See Landay v. Landay, 429 So.2d 1197 (Fla.1983), Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), and Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986).
These cases are distinguishable. In the cases relied upon by the appellee, the final judgments were completely silent as to any division. The final judgment in the instant case specifically provides for the amount of credit and the method of calculation of the division of the proceeds. It is clear and unambiguous and must be enforced as originally agreed to between the parties and approved by the court.
In summary, this case is reversed and remanded to the lower court with instructions to deduct the appellee’s $2500 special equity and 46 monthly mortgage payments of $200 each ($9200) from the proceeds of the sale of the former marital residence and divide the remainder equally between the parties.
REVERSED and REMANDED with instructions.
COWART and DANIEL, JJ., concur.

. The court notes however, that as the final judgment was entered pursuant to a settlement agreement, it is clear that the parties were free to stipulate as to any provision for division of their property that they desired.