PER CURIAM.
Rita Goldfarb appeals a final order of the trial court overruling in part a report of the general master issued in post-decretal proceedings between Goldfarb and her former spouse, Barry Agran. For the following reasons, we reverse and remand with directions to reinstate in its entirety the general master’s report and recommendations.
The parties’ marriage was dissolved in 1979. According to the terms of the final judgment, Rita received custody of the minor child and exclusive possession of the marital home “during the time that both parties feel that the minor child needs the home as a residence.” In 1982, Rita remarried and her new spouse moved into the home. Barry filed a petition to sell the home in 1984. The trial court denied the petition but entered an order granting Barry a credit of $75 for each month Rita’s new spouse lived in the home, the rental sum to be applied as a credit in Barry’s favor upon the sale of the home. The order setting the rental amount was never appealed.
On March 30, 1988, Rita filed a Verified Motion to Allow Sale of House, to Assess Joint Expenses Against the Non-Resident Party, and to Determine Arrearages and Contempt. Attorney’s fees were sought in a supplemental motion. Barry filed a motion to dismiss for failure to state a cause of action upon which relief could be granted. On July 22, 1988, the trial court entered an order of referral to the general master for a hearing on the issue of contempt. On August 10, 1988, the trial court entered an ex-parte order of referral to the general master on Rita’s Verified Motion and Supplement to Verified Motion.
As ordered, the general master held an evidentiary hearing on the matters raised in the motions. Rita, Barry, and their respective counsel appeared at the hearing.[1] The general master heard testimony from both parties, argument of counsel and stipulations, and reviewed the documents introduced into evidence. In his report of September 28, 1988, the general master found that Barry and Rita had agreed to sell the marital home. The general master also found that Barry was $7,200 in arrears in child support payments. Barry received credit for a tax refund and the rental accrued during the forty-eight months that Rita’s new spouse had resided in the home. The general master made no findings on the issue of contempt except to recommend that the reduced arrearage amount of $3,011.28 be paid to Rita from Barry’s share of the sale proceeds.
Relying upon Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986), and Wertheimer v. Wertheimer, 487 So.2d 90 (Fla. 3d DCA 1986), the general master recommended that Rita be reimbursed for one-half the total amount of mortgage payments she had made, less a credit to Barry for payments he had made toward household expenses. The general master recommended that the parties split the cost of repairs and improvements on the home. The general master also recommended that Barry pay an outstanding medical bill, that an income deduction order be entered pursuant to section 61.1301, Florida Statutes *26 (1987), for $300 monthly child support, and that Barry be required to pay Rita’s attorney’s fees and costs.
Barry filed exceptions to the report, alleging that the court file was unavailable and his motion to dismiss had not yet been ruled on at the time of the hearing. Barry also alleged that the general master erred in calculating the credits and in finding Rita entitled to attorney’s fees. After a hearing, the trial court entered an order on exceptions, overruled the general master’s findings, and determined that Rita was entitled to reimbursement for one-half of the principal reduction on the mortgage.[2] The trial court did not disturb the income deduction recommendation but reserved ruling on all other matters until after the sale of the home.
The trial court erred in overruling the general master’s findings. As this court observed in Bragassa v. Bragassa, 505 So.2d 556, 558 (Fla. 3d DCA 1987),
[o]nce a trial court decides to appoint a master to hear testimony and make findings of fact, it loses the prerogative of substituting its judgment for that of the master’s.... The court is thereafter bound by the master’s factual findings if they are supported by competent evidence. ... The master’s findings cannot be overturned by the trial court unless the findings are clearly erroneous. (Citations omitted.)
Here, the general master’s findings were supported by competent evidence. The general master applied the correct legal standard in determining that Rita was due a credit for Barry’s share of the ownership expenses, including principal and interest on the mortgage, insurance, and taxes on the former marital home held by the parties as tenants in common. Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986) (one who makes mortgage payments on home jointly held with former spouse as tenants in common is entitled to credit for former spouse’s share of ownership expenses). The trial court’s determination that Rita should receive a credit only for the principal paydown On the mortgage forces her to increase Barry’s equity in the home, a result specifically proscribed in Tinsley.
Ample evidence was introduced at the hearing to support every expenditure for repairs and improvements to the homé. The general master was correct in his recommendation that Rita receive credit for one-half of the expenditures. Golden v. Golden, 410 So.2d 945 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla.1982). There was no error in the recommendation that Rita receive attorney’s fees and costs from Barry. It is uncontroverted that Rita had to seek judicial enforcement of the final judgment with regard to child support. The support arrearages were discussed at some length in the hearing, and Barry did not contest the accuracy of the $7,200 ar-rearage amount. Notwithstanding the trial court’s view that Barry received an unfairly low credit for the aggregate rental sum, the trial court could not substitute its own judgment of the equities for that of the general master. Bragassa.
In his disposition of attorney’s fees, moreover, the general master did not strictly assess the total cost of litigation against the party in the better financial position but also considered Barry’s refusal to comply with the terms of the final judgment. See Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA) (equitable award of attorney’s fees requires fact-finder to consider merits of action, whether parties litigated in good faith, parties* respective financial positions, and whether party was forced to seek judicial enforcement of final judgment), rev. denied, 536 So.2d 243 (Fla. 1988).
The order on exceptions is reversed, and the cause is remanded with directions to reinstate in its entirety the general master’s report and recommendations and for further proceedings consistent with the views expressed herein.
*27 REVERSED AND REMANDED WITH DIRECTIONS.

. The trial court denied the exceptions pertaining to the missing court file and the pending motion to dismiss. Barry did not appeal or cross-appeal those rulings and, accordingly, is bound by them.