ALLEN, J.
The appellant challenges a money judgment entered for the appellee after dissolution of the parties’ marriage. The appealed order was entered upon a motion for enforcement and arrearages. We conclude that the court erred with regard to the commencement date of prejudgment interest, and in failing to discharge a notice of Us pendens. We conclude that the court also erred in resolving the motion without considering all of the appellant’s counterclaims.
The parties’ marriage was dissolved by an order incorporating a marital settlement agreement which addressed various matters including the distribution of property and the parties’ continued use of two marital homes. These documents established the appellant as the sole owner of both homes, with an equity payment to be made to the appellee, and provided that the appellee could lease one of the homes from the appellant. Further problems between the parties thereafter ensued, prompting post-dissolution motions and an order in which the court again referred to the parties’ landlord-tenant relationship. As provided in the settlement agreement and dissolution order, the appellee made' demand for her outstanding equity balance. The appellant then failed to pay the full amount outstanding and asserted that he was entitled to withhold such payment as an offset against property damage which occurred during the appellee’s post-dissolution use of the two homes. The appellee died and her estate sought payment of the outstanding balance, filing a motion for arrearages and enforcement of the settlement agreement and dissolution order. The appellant counterclaimed and sought an offset based on the alleged property damage and a separate money judgment.
After a nonjury trial the court entered the appealed order, awarding the appellee’s estate an amount which represents the outstanding equity principal plus prejudgment interest, less the amount of damage to one of the two homes. The court declined to permit an offset for any damage to the other home or the outstanding money judgment, suggesting that these matters should be pursued in a separate probate action. The court distinguished these counterclaims from the offset which was allowed, noting that the settlement agreement contained a damage provision relating only to the one home for which the court permitted an offset. However, this distinction has no import in the present context under section 733.702(4)(d), Florida Statutes, which indicates that the existence of a probate proceeding does not preclude a creditor from filing a cross-claim or counterclaim in a separate action instituted by the estate, although the creditor’s recovery may not exceed the estate’s recovery in such an action. And despite the appellee’s contention here, the appellant’s counterclaims were neither contingent nor unmatured, as the factual allegations would make these monies presently due and owing. Because such recovery, up to the amount of the estate’s recovery in the action below, is permitted under section 733.702(4)(d), the court should have considered the appellant’s request for a further offset by these counterclaims.
In awarding prejudgment interest to the. estate on the outstanding equity balance, the court commenced such inter *1171 est as of the date when the motion for arrearages and enforcement was filed, deeming that to be the date of demand for payment. But the settlement agreement provided that the appellant would have ninety days in which to pay the outstanding balance after demand, and the appellee thus sustained no monetary loss until the expiration of that ninety day period. Because prejudgment interest ordinarily pertains only from the date of loss, Argonaut Ins. v. May Plumbing, 474 So.2d 212 (Fla. 1985), and the appellee has shown no basis for departing from this general rule, the prejudgment interest here should not have commenced until ninety days after the filing date of demand.
The court also declined to discharge a notice of lis pendens which the appellee had filed on one of the two homes. Although the appellee asserted a security interest in the home based on the parties’ settlement agreement, the agreement and the dissolution order both establish the appellant’s sole ownership of this property and the agreement does not grant the appellee any retained security interest. And while the appellant failed to make the full equity payment specified in the agreement, a lis pendens does not pertain upon a payment which is merely related to but which does not affect the alienability of the subject property. See Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla. 2d DCA 1982); Worldwide Development-Kendale Lakes West v. Lot Headquarters, 305 So.2d 271 (Fla. 3rd DCA 1974). Indeed, the motion for enforcement and ar-rearages in the present case does not request relief with regard to the property itself, asking instead for compliance with the settlement agreement and an award of money damages. The notice of lis pen-dens thus should have been discharged.
The appellant’s further contention that the appellee should not have been awarded an attorney’s fee is not properly presented for this court’s review. While the appellant asserts that such a fee award was made, the appealed order only reserves jurisdiction for a subsequent order as to this matter. The record on appeal does not contain, and the appellant’s notice of appeal does not refer to, any such subsequent order. Inasmuch as this court’s review power has not been invoked for an order awarding the challenged attorney’s fee, the issue may not be pursued in the present appeal.
The order which is now under review is reversed upon the lower court’s refusal to consider all of the appellant’s counterclaims, and the commencement of prejudgment interest prior to ninety days after the appellee’s demand for payment, and the court’s failure to discharge the notice of lis pendens. The order is otherwise affirmed and the case is remanded.
WEBSTER and VAN NORTWICK, JJ., CONCUR.