PER CURIAM.
Robert Coba appeals an order of the Circuit Court Probate Division determining that he did not file a valid claim against the Estate of Antonio R. Coba. We reverse.
The trial court misapprehended the effect of May v. Illinois Nat’l Ins. Co., 771 So.2d 1143 (Fla.2000), on this case. Here, Robert Coba “is not making a claim or demand against the decedent’s estate that arose before [his] death, and because the action cannot be deemed a liability of the decedent, as it arose well after [his] death, the claim is not subject to the probate code’s statutes of nonclaim.” Thompson v. Hodson, 825 So.2d 941, 948 (Fla. 1st DCA 2002)(citing Swenszkowski v. Compton, 662 So.2d 722, 723 (Fla. 1st DCA 1995)); Langford v. Ferrera, 823 So.2d 795 (Fla. 1st DCA 2001). See Spohr v. Berryman, 589 So.2d 225, 228 (Fla.l991)(interpreting § 73.702, Fla. Stat. (1985))(“reference to claims arising before the death of the decedent is intended to make clear that it is unnecessary to file a statement of claim in order to prosecute an action against the estate that is predicated upon events that take place after the decedent’s death.”). In 1987, at the time of the decedent’s death, the property passed to Robert by operation of a recorded deed; the deed was not cancelled until 1996 by order of the Circuit Court, General Jurisdiction Division.[1] Therefore, Robert preserved any claim on the property by properly asserting same within the time frame in 733.702(1), Florida Statutes (1987), when Richard Coba instituted these probate proceedings in 1992. Section 733.710, Florida *734 Statutes (1987) does not bar Robert Coba’s claim.
Reversed and remanded.

. That order is not on appeal here.