SALTER, J.
These consolidated appeals arise out of competing claims by a former wife and the estate of her former husband, as longtime cotenants of the former marital home. We affirm the probate court’s determinations regarding a fair rental amount payable by the former wife to the estate, but we also conclude that the obligation to pay rent is intertwined with the former wife’s claims for fourteen years’ worth of expenses paid by her (the period commencing with the dissolution of marriage and concluding in 2010 upon the death of the former husband) while in exclusive occupancy of the residence. We therefore reverse the judgment insofar as it may have been immediately enforceable, and we remand the matter for further proceedings.
I. Facts
The former wife and former husband purchased and occupied a residence in Miami-Dade County as husband and wife. In 1986, the former husband moved out of the residence. In 1996, their marriage was dissolved. Since that time, the former husband and former wife held title as tenants in common,[1] each with a 50% undivided interest, and the former wife had exclusive occupancy.[2]
According to a death certificate[3] filed by the former husband’s daughter (and now *968 personal representative of his estate), he died in the January 2010 earthquake in Haiti. In the circuit court probate case, the personal representative filed a motion on behalf of the estate to require the former wife to pay rent. The former wife filed a motion “to determine whether or not the ex-wife, Barbara Joseph, is entitled to any setoffs for monies paid towards the mortgage, maintenance and taxes on the property.”
In February 2011, the probate court received evidence from the estate’s expert witness on the rents issue. Because there were objections regarding the adequacy of notice, the probate court invited both sides to submit memoranda regarding the set-offs claimed by the former wife. That process also afforded the former wife an opportunity to offer her own evidence regarding a fair rent. The parties agreed that the residence had a fair market value of $160,000 and was held free and clear of any mortgage.
The former wife offered no contrary evidence and sought no further evidentiary hearing regarding a fair rental amount, but instead argued in her memorandum of law that she had expended $313,063 on the property since the date her exclusive occupancy began, with no reimbursement for any part of those expenses by the former husband. The former wife claimed a credit for 50% of that amount, $156,531 in credit or setoffs, against any alleged rent owed after the former husband’s death, and against the estate’s 50% interest in the residence (by agreement, each party’s interest was worth approximately $80,000).
The probate court then heard argument on these issues in April 2011. A week after the hearing, the court entered an order finding that: the reasonable rental value of the property is $2,100 per month; the estate is entitled to one-half of that amount, $1,050 per month, effective as of February 2010; and judgment for the estate’s share of past-due rent ($15,750) was to be entered if not paid within 45 days. The former wife moved for rehearing and reconsideration. A judgment for the past-due rent and an order denying rehearing were entered, and this appeal followed.
II. Analysis
A. Cotenancy and the Obligation to Pay Rent
The estate’s right to a fair rental following the former husband’s death, based on the estate’s undisputed 50% interest in the residence, rests on settled Florida law. The former wife’s rejection of the estate’s demand for rent, and the adversity of the former wife’s claim of exclusive possession of the estate’s property, are tantamount to an ouster, such that the former wife became liable for one-half of the rental value. Bailey v. Parker, 492 So.2d 1175, 1177 (Fla. 1st DCA 1986). Before the death of her cotenant, however, the former wife’s exclusive possession was entirely permissive, not adverse, and she had no such obligation.[4]
The former wife’s argument regarding lack of notice of the estate’s motion to collect rent is without merit. Although there may have been some issue regarding the receipt of the initial notice of hearing, any such shortcoming was remedied when the probate court allowed additional time for the former wife to file a memorandum of law and offer evidence of a fair market monthly rental amount. We *969 thus affirm the court’s determinations regarding the obligation to pay, and amount of, monthly rent commencing as of February 2010.
B. Credits and Setoff for Charges and Expenses
The former wife’s arguments with respect to an entitlement to setoff are more difficult to address. There is no question that, upon partition and sale of the residence, the former wife is entitled to credits for one-half of those “charges upon the property” that were borne by her and not by her cotenant. Tinsley v. Tinsley, 490 So.2d 205, 207 (Fla. 3d DCA 1986) (“Thus, a person who makes mortgage payments on a home jointly held with the ex-spouse as tenants in common is entitled to a credit for the ex-spouse’s share of the ownership expenses.”). Unless the final judgment of dissolution of marriage expressly imposes upon the ex-spouse in possession the obligation to make all such payments on the property without receiving a credit in return (and with a basis in the record for doing so), this right to a credit arises by operation of law. Id.
While the right to a credit for mortgage principal reductions attributable to one co-tenant’s payments (resulting in increased equity benefiting both cotenants) is more obvious, Florida cases have broadened the scope of such credits to include “property expenses” generally. Goolsby v. Wiley, 547 So.2d 227, 230 (Fla. 4th DCA 1989) (rejecting former husband’s claim for a “fair rental” setoff against former wife’s claim “for reimbursement from the proceeds of a sale of the property for necessary and proper expenses incurred in the preservation and protection of the property”). In Wertheimer v. Wertheimer, 487 So.2d 90, 91 (Fla. 3d DCA 1986), this court held that such credits should be provided not only for mortgage payments, but also for “one-half of the payments for interest, insurance and taxes” by a former spouse granted exclusive occupancy and making all such payments.
Although the property has not yet been partitioned or sold and the probate court has not conducted an evidentiary hearing fixing the amount of the former wife’s allowable credits, the tabulations in the record indicates that such credits may exceed the estate’s otherwise-agreed equity ($80,000) in the residence. The wife has proffered evidence, and the estate has not disputed, that the former wife was the exclusive payor on the mortgage from 1986 until it was paid off a few years ago, and that the former wife also paid for other substantial expenses of protecting, maintaining, and improving the residence.
C. Timing and Limitations Issues
It will not suffice, however, to say that there may be some entitlements to credits in the future. Any such right to reimbursement on the part of the former wife is postponed until the property is actually sold. Tinsley, 490 So.2d at 207. The occupant’s obligation to pay fair market rent for the continued use of the estate’s property, on the other hand, is payable during the administration of the estate and before partition or sale.
The estate also raises an argument that the former wife’s claim for credits has been extinguished, or at least reduced, by virtue of (a) the probate statutes of non-claim, sections 733.702 and 733.710, Florida Statutes (2010), or (b) the applicable statutes of limitation. We reject this argument. In Coba v. Craig, 881 So.2d 733 (Fla. 3d DCA 2004), we concluded that a claim and liability arising after the decedent’s death is not subject to the probate code’s statute of nonclaim. In this case, the event which will trigger the former wife’s elaim to credits has not yet occurred (the partition and sale of the residence, in which proceeding the former wife’s recovery cannot exceed the proceeds otherwise payable to the estate). See also Brown v. *970 Brown, 732 So.2d 1169, 1170 (Fla. 1st DCA 1999). And for essentially the same reason, the wife’s entitlement to credits and a setoff for her otherwise time-barred disbursements, and any partition action, is not subject to the statute of limitations, section 95.11, Florida Statutes (2010). McFall v. Trubey, 992 So.2d 867, 869-70 (Fla. 2d DCA 2008).
But this brings us back to the central problem arising from this unique record: why should the former wife be compelled to pay a fair market rent for a 50% cotenant’s interest that may turn out to be “out of the money” on sale? The probate judge addressed this problem when he recognized that the two claims — that of the estate for rent, and that of the former wife for credits arguably exceeding the value of the estate’s interest in the home — were “intertwined.”[5] We agree.
We therefore reverse the final judgment for payment of rent, to the extent that it may not yet have been collected, and remand in order that the former wife’s or estate’s partition claim [6] may be advanced, any applicable credits determined in an evidentiary hearing, and the proceeds netted and reduced to judgment. Otherwise, enforcement of the existing judgment for rent may dispossess the former wife and her elderly mother before her equities (the value of her 50% interest plus any credits) can be realized. These intertwined claims should not be determined and enforced on a piecemeal basis.
III. Conclusion
It is unfortunate that counsel and the parties were unable or unwilling to heed the probate court’s gentle admonition to work on a business solution to this matter. The parties agreed that the home is worth approximately $160,000 and that the decedent neither lived in it nor paid any expenses for it after 1986. Attorney’s fees only reduce any rent or net proceeds recoverable by the estate and the former wife.
Because no such resolution has occurred, the probate court correctly heard and decided the estate’s motion for payment of rent, and we affirm that aspect of the judgment and orders under review. We reverse in part and remand, however, so that enforcement of the existing judgment for rent can await final resolution of the intertwined partition credit and setoff claims.
Affirmed in part, reversed in part, and remanded for further proceedings.

. § 689.15, Fla. Stat. (1996).

. At some point, allegedly in 2005, the former wife’s mother became a second occupant. The former husband never moved back in, but continued to pick-up mail at the residence, sporadically, until his death.

. The probate court found, in an order of March 2, 2011, and on the basis of a Haitian death certificate filed with the court, that the former husband was deceased. Four weeks later, the former wife filed a petition to revoke probate and dismiss proceedings in which she challenged the authenticity and admissibility of the death certificate. The probate court later required, and the estate filed, a certified translation of the document.

. An exception arises when the tenant in exclusive possession of property owned as tenants in common receives rents or profits, in which case the tenant receiving that income is accountable to the cotenant. Bailey, 492 So.2d at 1177. The estate argues that the former wife received part or all of her mother’s Social Security check each month as rent, but that issue has not yet been heard or determined in the probate court.

. This occurred during the February 2, 2011, hearing.

. One party or the other should initiate the partition action promptly after remand, and both parties should prosecute it diligently or settle the matter. Otherwise, the estate and the residence are likely to be consumed by legal fees. To the extent that the probate court may already have ordered a sale of the property, the former wife's credits and the amount of net proceeds payable to each party can be determined at an evidentiary hearing.